# CIRCUIT COURT OF TAZEWELL COUNTY

Town of Cedar Bluff

v.

Town of Richlands

Case No. CH05-345

Town of Richlands

v.

Town of Cedar Bluff

Case No. CL09-623

August 16, 2010

By Judge Patrick R. Johnson

The Court has completed its review of the above-referenced cases, involving a boundary dispute between the parties as well as rights to the collection of taxes and fees received from businesses located within the disputed section of property and an action for declaratory judgment. The original case was filed on November 18, 2005, by the Town of Cedar Bluff alleging that a section of property originally thought to be within the corporate limits of the Town of Richlands is in fact within the corporate limits of the Town of Cedar Bluff. Additionally, the Town of Richlands has

been collecting taxes and fees on three businesses located within the subject property and continued to assess taxes on these businesses after the Town of Richlands was notified that such businesses were not allegedly within its town limits on March 22, 2002.

On March 25, 2009, the Town of Cedar Bluff filed a Motion for Partial Summary Judgment, Interpleader, and Motion To Deposit Funds. In its Motions, Cedar Bluff alleges that the Town of Richlands admitted in discovery that three businesses were not within the corporate limits of the Town of Richlands based upon a subsequent survey that the Town of Richlands had prepared in response to the initial action. The Town of Cedar Bluff requests in its Motion for Partial Summary Judgment that the Court find that, due to the admission of the Town of Richlands, that the subject businesses do not lie within the corporate limits of the Town of Richlands and, therefore, any taxes collected since March 22, 2002, should be deposited with the Clerk of the Tazewell County Circuit Court until the full disposition of the issues in these cases.

Further, while the Town of Richlands admits that such businesses are not located within its boundaries, it disputes that the Town of Cedar Bluff owns the subject property. Therefore, the Town of Cedar Bluff sought to interplead Tazewell County, Virginia, in the event that the Court finds at a later time that the subject property is not within the boundary of the Town of Cedar Bluff or Richlands.

Also pending before the Court is the Town of Richlands' Action for Declaratory Judgment filed on May 22, 2009. In that Action, the Town of Richlands argues that said Motion concerns an issue that is intertwined with the issues in Cedar Bluff's Motion for Partial Summary Judgment and, therefore, a determination must be made on the Declaratory Judgment Action prior to the Court's ruling on Cedar Bluff's Motion for Partial Summary Judgment. In the Action for Declaratory Judgment, Richlands seeks a declaration that Cedar Bluff's corporate boundary line is invalid.

Finally, The Town of Cedar Bluff has filed a Demurrer to Richlands' Declaratory Judgment request, alleging that the Action for Declaratory Judgment fails to state a claim upon which relief can be granted, as well as a Motion To Dismiss. The Town of Cedar Bluff argues in support of its Demurrer that, even if the amendments made to Cedar Bluff's Charter by the General Assembly of Virginia in 1984-1985, as argued by the Town of Richlands, were invalid because they improperly annexed property belonging to Tazewell County and the 1992 Final Decree from this Court establishing Cedar Bluff's boundaries is invalid because it was not ratified by the General Assembly, the Town of Richlands has still failed to state a claim upon which relief may be granted. Taking Richlands' allegations as true, Virginia Code § 15.2-207 would indicate that, if the boundaries set by the General Assembly and the Court were invalid, the former metes and bounds would remain. The Town of Richlands makes no allegation that

the businesses in question in Cedar Bluff's Motion for Partial Summary Judgment are outside Cedar Bluff's boundaries and further admits that such businesses are outside the boundaries of the Town of Richlands.

The Court acknowledges that the last hearing in this case was held on May 26, 2009, and that, after the hearing, the parties were permitted to submit supplemental memoranda to the Court prior to the issuance of an opinion letter on the pending motions. The Court also notes that a letter was received this year from the Town of Richlands describing settlement discussions between the parties. Therefore, due to this allegation, the Court withheld its opinion letter on the above-referenced motions in hopes that the parties would reach an agreement. It appearing to the Court that settlement discussions have been unsuccessful, the Court is prepared to rule on the Town of Cedar Bluff's Motion for Partial Summary Judgment, Interpleader, and Motion To Deposit Funds; the Town of Cedar Bluff's Demurrer to Richlands' Action for Declaratory Judgment; and the Town of Richlands' Action for Declaratory Judgment.

First, the Court finds that, while the two subject suits certainly contain related issues, a ruling on Cedar Bluff's Motion for Partial Summary Judgment will not adversely affect the Town of Richlands' Action of Declaratory Judgment. Even if Cedar Bluff's boundary near the subject property is null and void, the Town of Richlands has admitted in discovery that three of the subject businesses are outside of Richlands' boundary. The Court hereby grants Cedar Bluff's Motion To Interplead Tazewell County into case number CH05-345 as a possible rightful recipient of the taxes collected by the Town of Richlands from the three businesses located along the boundary line, which are the subject of this suit.

### Town of Cedar Bluff's Motion for Partial Summary Judgment, Interpleader, and Motion To Deposit Funds Received

In its Motion for Partial Summary Judgment, the Town of Cedar Bluff argues that the Court need not determine whether the businesses are located within the corporate boundaries of Cedar Bluff or whether the Town of Cedar Bluff is entitled to recover the taxes collected by the Town of Richlands. Rather, Cedar Bluff argues that the Court need only determine, by way of assumpsit, that a locality other than Richlands is entitled to the taxes Richlands collected from the businesses located on the subject property. Virginia Supreme Court Rule 3:20 provides that summary judgment is appropriate as to undisputed facts of a contested claim or on an issue of liability alone, although there may exist a genuine issue as to the amount of damages. In an action for assumpsit, one must prove that funds received by one person or locality rightfully belong to another person or locality. See *City of Norfolk v. Norfolk County*, 120 Va. 356, 91 S.E. 820 (1917). Virginia law has long held that "where a defendant has received money from a third person by law or authority through some mistake or fraud, which, but for the

mistake or fraud, would have vested the right to the money in the plaintiff, the plaintiff may recover [the money]." *Id.* at 375, 91 S.E. 820, 826 (1917). In order to establish a claim for assumpsit, the plaintiff needs to allege a privity between the parties to an action, such privity will be implied if the plaintiff can establish that another person or locality has an "unquestioned" right to the money. *Id.* at 364, 365 and 375, 91 S.E. at 826 (1917).

The Supreme Court of Virginia has applied the doctrine of assumpsit in a situation in which one locality received tax revenue from businesses located within the boundary line of another locality. See *City of Norfolk v. Norfolk County,* 120 Va. 356, 91 S.E. 820 (1971). In the *City of Norfolk* case, the Supreme Court of Virginia held that, because Norfolk County was receiving real estate taxes from businesses that were located "within the City at the time of assessment," the County "was never, as a matter of right, entitled to the taxes" received. *Id.* at 372, 91 S.E. at 824. Further, the right to tax belonged to the City at the time they were assessed and paid by the businesses; therefore, the Supreme Court of Virginia found that the County "cannot in equity and good conscience retain such taxes as against the City." *Id.*

The Town of Richlands argues in opposition to Cedar Bluff's Motion for Partial Summary Judgment that Richlands has a "*bona fide* hostile claim of right" to the revenue received from the assessed taxes because the location of the businesses in question had always been assessed as being located in Richlands and the Town of Richlands has provided municipal services for the businesses. Further, Richlands argues that reliance on the *City of Norfolk* case is inapposite and misplaced. *See* Respondent's Supplemental Memorandum in Opposition to Complainant's Motion for Partial Summary Judgment, p. 2.

The Town of Richlands argues that the *City of Norfolk* case in distinguishable because is involved erroneous/mistaken assessments in contravention of already clearly established state legislature actions. The Court is not inclined to agree with this argument. The Town of Richlands has cited no statute or case law that distinguishes mistakes or errors such of those made in *City of Norfolk* from those exhibited in the case at bar.

The Commonwealth of Virginia requires that localities possess and exercise only those powers expressly granted by the General Assembly of Virginia and those necessarily or fairly implied therefrom, as well as those that are essential and indispensable. See *Richmond v. Confrere Club of Richmond, Inc.,* 239 Va. 77, 79, 387 S.E.2d 471, 473 (1990). See also Code of Virginia §§ 58.1-3200, *et seq.,* 58.1-3840(A), 58.1-3703(A). Furthermore, the General Assembly has expressly stated that a town's authority to levy and collect meal taxes as well as business and professional/occupational licensure (BPOL) taxes is limited to businesses located within that locality's corporate boundaries. See Virginia Code § 58.1-3841(A) ("The situs for taxation for any tax levied on the sale of food and beverages or meals shall

be the county, city or town in which the sales are made. . . ."); see also Virginia Code § 58.1-3703 ("The governing body of any county, city, or town . . . may levy and provide for the assessment and collection of county, city, or town license taxes on businesses, trades, professions, occupations, and callings and upon the persons, firm, and corporations engaged therein within the county, city, or town. . . .)

Based upon the admission of the Town of Richlands that at least three of the businesses located on the disputed property are not within the Richlands corporate limits, it appears that, there are no disputed facts as to whether Sigma Hair Studio, H&B Sporting Goods, and Mother Earth of Richlands are within the Richlands town limits. The case law and Code of Virginia are clear that a locality may not levy taxes on businesses that are not located within their boundaries. Therefore, the Court hereby grants the Town of Cedar Bluff's Motion for Partial Summary Judgment on the narrow issue of whether the three afore-mentioned businesses are within the corporate limits of the Town of Richlands and, therefore, subject to taxes levied against them by the Town of Richlands. Further, the Court finds that the Town of Richlands was on notice of the mistake since at least March 22, 2002, when the Town of Cedar Bluff notified Richlands of the results of the survey. It is clear that continued collection of taxes against these establishments after notification resulted in Richlands' retaining funds that rightfully belonged to another locality. Further, the notice provided to Richlands implied privity or a relationship that placed Richlands on notice that the funds belonged to another locality. The Court finds that the real estate, meal, and BPOL taxes collected by the Town of Richlands against Sigma Hair Studio, H&B Sporting Goods, and Mother Earth of Richlands from March 22, 2002, through present day shall be deposited with the Clerk of the Tazewell County Circuit Court pending disposition of the remaining issues associated with this suit.

*Town of Cedar Bluff's Demurrer to Town of Richlands'*
*Action for Declaratory Judgment*

On May 22, 2009, the Town of Richlands filed a separate Action for Declaratory Judgment asking the Court to declare that the boundary line for the Town of Cedar Bluff, which was amended by the General Assembly in 1984-1985 and established by a Final Decree of the Tazewell County Circuit Court, entered on March 19, 1992, but not further ratified by the General Assembly, is null, void, and of no force and effect.

In its Action for Declaratory Judgment the Town of Richlands argues that the Charter amendments made to Cedar Bluff's Charter in 1985 and adopted by the Virginia General Assembly are invalid because such amendments improperly annexed property belonging to Tazewell County, Virginia, in the Maiden Springs Magisterial District. The Town of Richlands also bases its Action for Declaratory Judgment on the allegation that a

Final Decree entered by the Tazewell County Circuit Court on March 19, 1992, in the case of Rosbal J. Mullins v. Town of Cedar Bluff, Tazewell County case number CH64-10238, Plat Book 35, page 20, describing Cedar Bluff's western boundary is also null and void because such Court Order was not ratified by the Virginia General Assembly. Ultimately, the Town of Richlands argues that, because these attempted amendments to Cedar Bluff's Charter to establish a boundary are null and void, Cedar Bluff is thus without a defined boundary and, therefore, has no standing in its tax lawsuit, which was previously discussed.

The Town of Cedar Bluff in its Demurrer argues that Richlands has failed to state a claim upon which relief may be granted. Specifically, Cedar Bluff argues that, even if Richlands' allegations are true in regard to the validity of the charter amendment and Final Decree, there exists no actual controversy or denial of rights as the former metes and bounds of the Town of Cedar Bluff would remain. Further, the Town of Richlands has conceded that the businesses on the disputed property in the tax suit (CH05-345) are not within the defined metes and bounds of the Town of Richlands.

A demurrer alleges that the Complainant, based upon the face of the pleadings filed, has failed to state a claim upon which relief may be granted by the courts. When considering a demurrer, the court is directed to take the factual allegations presented by the Complainant as true. Virginia Code § 15.2-207, as amended, gives the Court guidance in the case at bar. This Section indicates that the legislative intent is for municipal corporation charters to no longer contain metes and bounds but rather be amended to establish defined boundaries. However, the first sentence of this Section states that "the boundaries of municipal corporations remain as now established unless changed as provided in this title." *Id.* Based upon a careful reading of this Section, it would appear that previous boundaries established by metes and bounds are not erased from existence but remain in effect if a boundary description as directed in this Code Section is not properly established. Therefore, in the case at bar, if the Court views the facts alleged by the Town of Richlands as true, that the actions of the General Assembly in 1985 and Tazewell County Circuit Court in 1992 to establish a boundary description are null and void, then the previous boundary of the Town of Cedar Bluff as established by metes and bounds will remain.

In an action for Declaratory Judgment, Virginia Code § 8.01-184 *et seq.* gives circuit courts authority to make binding adjudications of right in cases of actual controversy when there is antagonistic assertion and denial of right. The Act does not give trial courts the authority to render advisory opinions, to decide moot questions, or to answer inquiries that are merely speculative. The Act also is not to be used as an instrument of procedural fencing, either to secure delay or to choose a forum. See *Hoffman Family, L.L.C. v. Mill Two Associates Partnership*, 259 Va. 685, 529 S.E.2d 318 (2000). When the resolution of a disputed fact would be determinative of a case, rather than

a construction of definite stated rights, status, or other relations, commonly expressed in written instruments, the case is not appropriate for declaratory judgment. *Liberty Mutual Ins. v. Bishop,* 211 Va. 414, 420, 177 S.E.2d 519, 523 (1970). Furthermore, the authority to enter a declaratory judgment is discretionary and must be exercised with great care and caution. *Id.* at 421, 177 S.E.2d at 524 (1970).

When examining the case at bar, the Court must determine if there exists an actual controversy upon which relief may be granted. Considering the facts as alleged by the Town of Richlands as true, Cedar Bluff would still not be found to have no particular boundary on its western end. Rather, the former metes and bounds description would stand and Cedar Bluff's boundary would be as it would have been described originally by metes and bounds. Therefore, there exists no actual controversy upon which declaratory judgment may be based; the only remaining issue would be who owns the property along the boundary of the Town of Richlands and the metes and bounds description of the Town of Cedar Bluff. The question is also set out in a previous suit before the Court, Town of Cedar Bluff v. Town of Richlands, CH05-345, and a determination of such would be based on facts to be determined by the trier of fact. The Supreme Court of Virginia has held that declaratory judgment is inappropriate where a disputed issue could be determined in future litigation. In the case of *USAA Cas. Ins. Co. v. Randolph,* 255 Va. 342, 497 S.E.2d 744 (1998), the Supreme Court of Virginia held that a declaratory judgment was inappropriate in a case of a worker injured by the actions of a co-worker, because the case did not involve a determination of rights but only a disputed issue to be determined in future litigation between the parties.

Finally, in order for an action for declaratory judgment to stand, there must be a justiciable controversy in which all party defendants are named. *Erie Ins. Group v. Hughes,* 240 Va. 165, 393 S.E.2d 210 (1990). In the case at bar, the Town of Richlands argues that the 1985 amendment to the Town of Cedar Bluff's Charter effectively and improperly annexed property belonging to Tazewell County, Virginia, denying Tazewell County of its due process rights. However, Tazewell County, is not a party to the suit filed by the Town of Richlands, CL07-623.

Therefore, based upon the foregoing, the Court finds that the Town of Richlands has failed to state a claim upon which relief may be granted in their suit for Declaratory Judgment. The Court, hereby, sustains the Town of Cedar Bluff's Demurrer. Further, it appears that declaratory judgment is not appropriate at this time, as no actual, justiciable controversy exists upon which the Court may make a declaratory judgment. The issues to be determined are based upon factual allegations and are improper for declaratory judgment. The Court also grants the Town of Cedar Bluff's Motion To Dismiss the case of Town of Richlands v. Town of Cedar Bluff, CL07-623.

## Conclusion

The Court has thoroughly and carefully reviewed the argument, supplemental material, and authority to support or distinguish the pending motions before it. As a result, the Court finds that, in regard to the action entitled Town of Cedar Bluff v. Town of Richlands, CH05-345, it is proper for Tazewell County, Virginia, to be interpleaded into the suit, and the Court grants Cedar Bluff's Motion for Partial Summary Judgment. The Town of Richlands is directed to forward to the Clerk of the Tazewell County Circuit Court any taxes received from Sigma Hair Studio, H & B Sporting Goods, and Mother Earth of Richlands, including real estate, meal, and BPOL taxes, from March 22, 2002, until the present. Upon careful consideration, the Court also sustains the Town of Cedar Bluff's Demurrer and grants the Motion To Dismiss the Town of Richlands action for Declaratory Judgment, entitled Town of Richlands v. Town of Cedar Bluff, CL07-623.